Submitted on record and briefs July 5, affirmed October 23, 2002

# TIMOTHY SCOTT DAY,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

## A114299

56 P3d 495

Timothy Scott Day *pro se.*

Holly A. Vance filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (board) subjecting him to six months of parole-like supervision following his release on his good time date. Petitioner argues that the board lacks the authority to impose the supervision period. We affirm.

The relevant facts are that in 1983,[1] petitioner pleaded guilty to sex-related crimes committed in that year. In 1987, he was sentenced to a maximum of 20 years imprisonment for those crimes. In 2000, petitioner exercised his right to refuse parole, and the board issued an order that petitioner be released on his good time date, subject to six months of post-release supervision pursuant to *former* ORS 421.120(3), *repealed by* Or Laws 1985, ch 53, § 1.[2] Petitioner sought administrative review, arguing that the board did not have statutory authority to subject him to a period of supervision following his release on his good time date. The board ruled that it had authority to require six months of post-release supervision under the Supreme Court's decision in *Bollinger v. Board of Parole*, 329 Or 505, 992 P2d 445 (1999), and denied relief.

We begin by considering the Supreme Court's decision in *Bollinger*. The petitioner in that case was convicted of first-degree sodomy in 1985. He received a 15-year indeterminate sentence. The board ordered him released on parole two days before his good time release date, subject to supervision until the expiration of his original sentence. *Bollinger*, 329 Or 507-08. The petitioner requested administrative

---

[1] All references to statutes or rules are to the 1983 version unless otherwise noted.

[2] *Former* ORS 421.120(3) provided:

"Except when granted by the State Board of Parole under ORS 144.310, a discharge of an inmate from a sentence imposed after July 21, 1981, upon a date determined under [the good time] section, shall be upon the condition that the inmate be subject to a period of supervision in the same manner as a paroled inmate, except that the maximum period of supervision shall be six months and upon violation of the terms imposed upon the conditional discharge the maximum period of reincarceration shall be 90 days. However, the period of supervision, reincarceration or both shall in no case cause the length of the inmate's term to exceed the maximum term imposed by the court."

review of the order, arguing that the order "effectively nulli-
fied his accumulated good time and extended his period of
supervision beyond that which was in effect when he commit-
ted his crime." *Id.* at 508. The board eventually revised its
order to provide for a minimum supervision period of 12
months. The petitioner then sought judicial review of the
revised order.

On review, the Supreme Court considered whether,
before the enactment of ORS 144.245(3),[3] a prison inmate
was entitled to refuse parole. The court concluded that "until
the legislature adopted that statute, the law permitted an
inmate to refuse parole and did not empower the [b]oard to
command parole in the face of such a refusal." *Bollinger*, 329
Or at 513. Nonetheless, the board argued, it could require the
petitioner to serve "the equivalent of a six-month period of
parole, to begin upon his release on his good-time date,"
under *former* ORS 421.120(3). *Id.* at 514 (emphasis omitted).
The court agreed:

> "We agree that *former* ORS 421.120(3) (1983) was in
> effect at the time of the inmate's crimes and that it permit-
> ted (perhaps even required) the [b]oard to impose a limited
> period of parole-like supervision on inmates who remained
> in prison until their good-time dates. *We also agree that,
> while that statute was in effect, the [b]oard could order a
> maximum of six months of supervision* without regard to
> any decision by an inmate to refuse parole, *without offend-
> ing the prohibition on ex post facto laws.*"

*Bollinger*, 329 Or at 514-15 (emphasis in original omitted;
footnote omitted; emphasis added). Ultimately, however, the
court held that the board erred when it imposed a 12-month
period of supervision rather than the six-month period
allowed under the statute. *Id.*

Petitioner argues that the *Bollinger* court's determi-
nation that the board could order a maximum of six months
supervision is *dictum* because the statement was not neces-
sary to the court's analysis of whether the board's order was

---

[3] ORS 144.245(3) states that, "[i]n no case does a prisoner have a right to refuse
an order granting the prisoner release upon parole." That subsection was enacted
in 1985, Or Laws 1985, ch 5, §§ 2, 3, and does not apply to offenders that committed
offenses before its effective date.

enforceable. He also argues that the board has no authority in his case to impose a supervision period as to him based on a *repealed* statute, *former* ORS 421.120(3). The board responds, "when petitioner elected to refuse parole[,] * * * he asserted his right to proceed under the laws in effect when he committed his crimes." It follows, according to the board, that *former* ORS 421.120(3) even though now repealed, authorizes the imposition of a period of parole-like post-incarceration supervision.

■ We conclude that the court's analysis of *former* ORS 421.120(3) in *Bollinger* is controlling here. However, even assuming that the *Bollinger* court's statement regarding that statute is *dictum*, we agree with the board that *former* ORS 421.120(3) applies to petitioner.

We note that,

"[a]t common law, the repeal of a criminal statute abated all prosecutions which had not reached final disposition in the highest court authorized to review them. * * * Abatement by repeal included a statute's repeal and re-enactment with different penalties. * * * And the rule applied even when the penalty was reduced. * * * To avoid such results, legislatures frequently indicated an intention not to abate pending prosecutions by including in the repealing statute a specific clause stating that prosecutions of offenses under the repealed statute were not to be abated."

*Bradley v. United States*, 410 US 605, 607-08, 93 S Ct 1151, 35 L Ed 2d 528 (1973). As potentially applicable to this case, Oregon's Criminal Code has a general savings clause that provides:

"When all or part of a criminal statute is amended or repealed, the criminal statute or part thereof so amended or repealed remains in force for the purpose of authorizing the accusation, prosecution, conviction and punishment of a person who violated the statute or part thereof before the effective date of the amending or repealing Act."

ORS 161.035(4). Thus, we inquire whether ORS 161.035(4) operates to make *former* ORS 421.120(3) applicable to petitioner.

■■ ORS 161.035(4) applies to criminal sentencing statutes as well as to other provisions of the criminal code. *State v. Isom*, 313 Or 391, 837 P2d 491 (1992). Under ORS 161.035(4), criminal defendants must be sentenced under the statutory scheme in force when their crimes were committed, unless the legislature has expressed an intent to the contrary. *Id.* at 395; *State v. McDonnell*, 329 Or 375, 385, 987 P2d 486 (1999). Statutes regarding parole and other forms of post-release supervision are, in effect, incidents of criminal sentences. *See, e.g., Anderson v. Alexander*, 191 Or 409, 426, 229 P2d 633, *reh'g den*, 191 Or 409 (1951) (quoting *Commonwealth v. Cain*, 345 Pa 581, 28 A2d 897 (1942) (parolee merely serves out his sentence outside prison walls)). Based on those principles, we conclude that the post-incarceration supervision period provided for by *former* ORS 421.120(3) was a part of the criminal sentencing scheme under which petitioner was sentenced. It authorized the board to impose a limited period of supervision following his release on his good time date. Consequently, pursuant to ORS 161.035(4), *former* ORS 421.120(3) remains in force regarding petitioner's crimes committed in 1983 and is applicable to him even though it has been repealed. It follows that the board is authorized to subject petitioner to a six-month period of supervision following his release from prison.

Petitioner's other arguments do not require discussion.

Affirmed.